UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARRY SOUZA, Plaintiff | ) | C.A. No. |
| v. | ) | CA 07 266 S |
| RHODE ISLAND CARPENTERS' PENSION PLAN, Defendant | ) | |

## COMPLAINT

Plaintiff Barry Souza, by and through undersigned counsel, for his Complaint against defendant Rhode Island Carpenters' Pension Plan (the "Plan") alleges:

### I. Parties

1. Plaintiff resides in Massachusetts.

2. The Plan is, on information and belief, an employee benefit plan sponsored, maintained and administered by the Rhode Island Carpenters Pension Fund (the "Fund").

### II. Jurisdiction

3. Federal question jurisdiction based upon 28 U.S.C. §1331 exists because plaintiff's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq.

4. As an employee benefit plan sponsored, maintained and administered within the State of Rhode Island, the Plan is subject to the personal jurisdiction of this Court.

### III. Factual Background

5. The Plan is, on information and belief, an employee benefit plan as that term is defined by ERISA, 29 U.S.C. §§1001 et seq. At all relevant times, plaintiff was a participant in the Plan.

6. The Summary Plan Description ("SPD") provides, in pertinent part: "You are totally and permanently disabled if you are unable to work as a carpenter or any other regular gainful employment. The Trustees will accept a determination by the Social Security Administration that you are eligible for Social Security disability benefits as proof of total and permanent disability."

7. On or about March 9, 2002, plaintiff fell from scaffolding and fractured his left ankle. Since the accident, he has suffered from continuing left knee pain. He has end stage osteoarthritis of his left knee which renders him unable to work as a carpenter and precludes him from engaging in any other gainful employment.

8. In or about October, 2004 plaintiff applied for disability pension benefits under the Plan.

9. In a letter dated October 27, 2004, "Co-Administrator" Donald Lavin informed plaintiff that the Plan's Board of Trustees denied plaintiff's request for disability pension benefits. Mr. Lavin informed plaintiff that the Board required "a determination of total and permanent disability from Social Security Disability" in order to approve an award of disability benefits.

10. In a November 11, 2004 letter, plaintiff, through counsel, explained that he is not eligible for Social Security disability benefits because he does not have sufficient quarters to qualify for the program. As a result, he cannot obtain a disability determination from the Social Security Administration. He asked the Board to re-evaluate his claim.

11. In a November 29, 2004 letter Mr. Lavin informed plaintiff that at a May 21, 2002 board meeting, its Trustees voted to require a determination of total and permanent disability by the Social Security Administration to support total disability under the Plan for retirements after June 1, 2002.

12. On May 5, 2005 plaintiff filed suit in this Court against the Plan for disability pension benefits under 29 U.S C. § 1132(a)(1)(b) on the ground that the requirement that he obtain a determination of total and permanent disability by the Social Security Administration to support total disability under the Plan was an invalid Plan amendment. Barry Souza v. Rhode Island Carpenters' Pension Plan, C.A. 05-186/S.

13. On April 5, 2006 plaintiff moved for summary judgment declaring that the decision by the Board of Trustees of the Rhode Island Carpenters Pension Fund to deny him disability pension benefits was incorrect and in violation of the terms of the Plan. Mr. Souza further requested that the Court remand the case to the Fund for a full review of his disability pension benefit claim.

14. On August 30, 2006 the Court adopted Magistrate Judge Lincoln D. Almond's Report and Recommendation that Mr. Souza's motion for summary judgment be granted and that the case be remanded to the Fund for a full review of his disability pension benefit claim.

15. On January 4, 2007, Mr. Souza submitted medical records to the Plan in support of his claim for disability pension benefits under the Plan.

16. Mr. Souza did not receive a decision from the Fund within 90 days pursuant to 29 C.F.R. § 2560.503-1(f)(1). He received no request from the Fund for additional time to consider his claim. By letter dated April 25, 2007, Mr. Souza advised the Fund that his claim is deemed denied pursuant to ERISA regulations. In that same letter, Mr. Souza appealed the Fund's denial of his claim. A true and accurate copy of that letter is attached as Exhibit A.

17. Mr. Souza did not receive a decision from the Fund within 60 days after the Fund received his appeal pursuant to 29 C.F.R. § 2560.503-1(i)(1)(i). He received no request from the Fund for additional time to consider his claim.

18. Mr. Souza has exhausted administrative remedies available under the Plan.

**COUNT I – DISABILITY PENSION BENEFITS**

19. Plaintiff incorporates and realleges paragraphs 1 through 18 as if set forth fully herein.

20. As a result of end stage osteoarthritis of his left knee, Mr. Souza is unable to work as a carpenter or engage in other gainful employment. Because he is totally and permanently disabled as that term is defined in the SPD, he is entitled to disability benefits under the Plan.

21. The failure to approve plaintiff's claim for disability pension benefits to plaintiff was incorrect and in violation of the terms of the Plan.

22. Pursuant to 29 U.S.C. 1132(a)(1)(b), plaintiff is entitled the total amount of disability pension benefits due to him.

WHEREFORE, plaintiff requests judgment against defendant Plan awarding him:

1. Disability pension benefits under the Plan;
2. Reasonable attorneys' fees, costs, and expenses; and
3. Such further relief as the Court deems proper.

Catherine A. Shaghalian

Brooks R. Magratten, No. 3585
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: July 12, 2007